## GUENTHERODT *v.* ROSS.

1. EVIDENCE—TRESPASS QUARE CLAUSUM—ADVERSE POSSESSION—
FORMER JUDGMENTS—ADMISSIBILITY.
   In trespass *quare clausum*, in which plaintiff contended that he
   was the owner of the premises in dispute, by record title, and,
   also, that he had been in the undisputed occupancy of them,
   under a claim of title, for more than the statutory period, it
   was immaterial that the court excluded evidence of judgments
   showing an interruption of his claimed adverse possession,
   where the jury found that he had the record title.

2. SAME—PLATS REFERRED TO IN DEEDS—BOUNDARIES.
   In trespass *quare clausum*, in which the question of the true
   location of a boundary line was involved, a plat which described
   plaintiff's lot, and which was referred to in the conveyances
   down to him, was admissible to identify the property conveyed,
   and to show the extent of plaintiff's claim.

3. SAME—DEEDS—PRIVITY OF ESTATE.
   After receiving the plat in evidence, it was not error for the
   court to exclude a deed of another lot referred to in the plat,
   which deed stated that the depth of such lot was less than
   shown in the plat, where no privity of estate was shown as to
   such lot on the part of either of the parties to the suit.

Error to Wayne; Frazer, J.   Submitted June 9, 1899.
Decided July 11, 1899.

Trespass *quare clausum fregit* by Frederick Guen-
therodt against Edward H. Ross and John Ross.   From a
judgment for plaintiff, defendants bring error.   Affirmed.

*John G. Hawley*, for appellants.

*James H. Pound*, for appellee.

MONTGOMERY, J.   This is trespass *quare clausum*,
certified to the circuit court from justice's court on a plea
of title.   The question concerns the true location of a
boundary line.   The plaintiff on the trial contended, and

offered testimony tending to show—*First*, that he was actually the owner of the premises in dispute, by record title; *second*, that he had been in the undisputed occupancy under a claim of title for more than the statutory period. Defendants offered in evidence proceedings in justice's court in two different suits brought against plaintiff by the defendant Edward H. Ross within a period of 15 years before the present suit was instituted,— the one in trespass *quare clausum*, and the other in trespass *vi et armis*,—and offered to support these records by parol testimony that it was determined in each of these cases that the defendant Edward H. Ross was in possession of the land in dispute in this case within such period. This testimony was excluded on the ground that a former adjudication must be pleaded. Error is assigned on this ruling.

It is not contended that these adjudications determined the question of title, but it is insisted that it was determined that at a certain date defendant Edward was in pass lawful possession of the *locus in quo*, and that these records were admissible in evidence of the fact. In view of the special findings of the jury, we do not find it necessary to pass upon the effect of these former suits. Two questions were submitted to the jury, and each answered in the affirmative : " Does Mr. Ross' fence encroach upon the true line of the plaintiff, as established by plats and records ? Does said fence encroach upon the line of the plaintiff's land established by adverse possession ?" As the evidence offered only bore upon the fact of possession at a certain date, the only effect would have been to dispute plaintiff's possession at that time, and thus show an interruption of his claimed adverse possession. This testimony, if admissible, would not in any way have tended to show that plaintiff had not the record title. The jury has found that he had, presumptively on sufficient testimony.

Error is assigned upon a ruling admitting in evidence a plat in which plaintiff's lot is described. Plaintiff's title

was derived from one in earlier possession of the lot, and the conveyances down to- him referred to the plat. It is not clear how else the property conveyed could have been identified. The plat was admissible for this purpose, as well as to show the extent of plaintiff's claim of title under which he occupied.

The plaintiff claimed title to lot 20, section 49, Guoin farm. Defendant Edward claimed title to lands adjoining on the rear of lots 19, 20, and 21. On the trial,- defendants offered in evidence a deed to lot 21 made by one Autretsch to George H. Parker, in which the depth of lot 21 was stated to be less than is shown on the plat; but no privity of estate was shown as to this lot, either on the part of plaintiff or defendants. The court rightly excluded this deed.

Judgment affirmed.

The other Justices concurred.